Opinion delivered March 9, 1889.

---

## No. 2634.

### GEORGE NEELEY v. THE STATE.

1. PRACTICE — EXEMPTION FROM PROSECUTION OF AN ACCUSED WHO TURNS STATE'S EVIDENCE.—A *particeps criminis* who, for the purpose of securing exemption from prosecution, agrees to testify in behalf of the State against his accomplices in crime, but who subsequently violates his agreement by refusing to testify in good faith fairly and fully to facts within his knowledge, can not claim the benefit of such agreement, and may be prosecuted and convicted, regardless thereof.

2. SAME—CONFESSION.—Under the common law, the confession made by the accused under his agreement to become State's evidence, can be used against him in a prosecution instituted because of his violation of his agreement.   But, as heretofore held by this court, such confession, to be admissible, must have been voluntarily and freely made, unin. fluenced by persuasion or compulsion; not induced by any promise

creating hope of benefit, nor by threats creating fear of punishment. A promise, such as will render the confession inadmissible, must be positive, must be made or sanctioned by a person in authority, and must be of such character as would be likely to influence the party to speak untruthfully. A confession induced by the mere fear of legal punishment is not thereby rendered inadmissible.

3. SAME—CASE STATED.—The defendant in this case, being at large and not in custody, agreed with the county attorney to testify for the State against his accomplices in this and other thefts, upon the consideration of immunity to himself from prosecution for such offenses. He, however, repudiated the agreement, although, when he entered into it he made a confession which, upon his subsequent trial, was introduced in evidence against him. The proof shows that such confession was not voluntary, and that it was made upon the promise of exemption from prosecution. *Held* that, having violated his agreement to testify for the State, the accused was properly placed upon trial for the offense charged against him, and that the confession, being an involuntary one, was properly excluded upon that ground.

4. SAME.—But the trial court admitted the said confession under the provisions of article 750 of the Code of Criminal Procedure, which legalizes a confession in duress as evidence, if it states facts afterwards found to be true, and which conduce to establish the guilt of the accused. *Held* that, if verified in the manner prescribed by said article 750, such confession would be admissible. But in this case there is a total absence of verifying proof; wherefore, the trial court erred in admitting the confession in evidence.

APPEAL from the District Court of Wilson. Tried below before the Hon. George McCormick.

The conviction in this case was for the theft of seven head of cattle, the property of W. R. Park, in Wilson county, Texas, on the first day of February, 1887. The penalty assessed against the appellant was a term of two years in the penitentiary.

District Attorney Spooner testified, for the State, in substance, that, in November, 1887, he procured the arrest of defendant and of George Brown, Will Mathews and Will Chaney, on a charge of horse and cattle theft. Pending the examining trial in Wilson county, John McDaniel, the uncle of defendant, proposed to the witness that if he would agree to exempt the defendant from any prosecution for theft of horses or cattle about which he would testify, he, defendant, would turn State's evidence, and testify against the other parties charged in this case, and also in other theft cases. The witness told McDaniel that he would look into the matter and determine whether he

would accept defendant as State's evidence. After the said examining trial, McDaniel renewed the proposition on behalf of defendant. He renewed it again in December when the witness, having satisfied himself that without more testimony than he had he could not sustain the prosecutions against the parties charged, and against one Barber and one Blain, who were also implicated in that and other thefts, agreed to confer with defendant, stipulating that he would make no agreement until he had heard the proposed evidence of the defendant, and satisfied himself that, wherein it was material, it could be corroborated. Accordingly McDaniel arranged a meeting between witness, Park and defendant. Referring to McDaniel's proposition, witness stated to defendant distinctly that if he, defendant, could and would give material evidence for the State, on the trials of the other parties named, and such as could be corroborated, and would take the stand, fearlessly, and "come up like a man," and give that testimony fully, circumstantially, and truthfully, he, witness, would accept him as State's evidence, and would not prosecute him for complicity in any of the said offenses; but that if he, the defendant, did not comply with those conditions literally and to the fullest extent, he, witness, would retire from the agreement and withdraw the exemption thus promised. The defendant accepted the conditions, and, in the presence of Park, made the following statement to the witness, which was then and there reduced to writing, and afterwards was read to defendant and pronounced by him to be correct. The said writing reads as follows:

"George Neeley says that he and George Brown and Jodie Blain took five head of W. R. Park's cattle out of the 'company' pasture, in Wilson county, about February, 1887. These cattle were branded CUT on hip, and two head in UNO on the ribs; at same time took seven head of W. D. Runnels's cattle, branded thus (reversed EHD connected) on hip; carried them to Barber's pasture, near Gonzales, Texas. These cattle were carried in a bunch of shipping cattle for J. D. Houston, in February. Jeff Griffin, George Simons and Bill Rogers assisted in taking the cattle over, and we met Mat Patton near Talley's. Patton turned out of the road to the left, and stood until the cattle passed by. These cattle were cut out at or near the bridge, known as the Jobe bridge, where cattle go under it into the river. Clarke Barber and George Brown took the

stolen cattle on to his, Barber's, pasture. Hiram Stevenson came out to us and helped to drive the shipping cattle to the railroad pens."

After securing this written statement the witness had the parties named in it, except Blain, Barber and Brown, taken before the grand juries of Wilson and Gonzales counties, and secured the indictment of Blain, Barber, Brown, Chaney and Mathews—some in Wilson and some in Gonzales county. He then had defendant attached as a witness for the State against Blain and Brown. Defendant was in Gonzales when the term of the court was held, at which, under his agreement, he was to testify for the State, but got to drinking, and, notwithstanding the protest of the witness, continued to drink and to associate with the parties against whom he was to testify, until the first case was called, when he left town. Witness had him brought back by a deputy sheriff, but when he was placed on the stand he was so drunk he could testify to nothing, and the party on trial was acquitted. When, at the ensuing term of the Wilson county district court, the witness took up the other cases in which defendant was to testify, he ascertained that defendant, in attempting to leave the country, had been shot by officers. Being unable to get him to comply with his agreement, the witness had him indicted in this case.

W. R. Park, for the State, testified to the theft of the seven head of cattle belonging to him, from the "company" pasture, in Wilson county, in February, 1887, which cattle were branded and described as stated in defendant's written confession in evidence. The witness was present when the agreement between District Attorney Spooner and the defendant was entered into. He corroborated the testimony of Spooner as to the details of the conference in which that agreement was entered into, and identified the writing in evidence as the written statement of the defendant made on that occasion. He further stated that he attended the term of the district court of Gonzales county referred to by Spooner in his evidence, and corroborated Spooner as to the conduct and actions of the defendant at that time.

Hiram Stevenson (at the time referred to in defendant's confession, a stock drover in the employ of J. D. Houston) and Mat Patton, introduced as witnesses for the State, corroborated the confession of defendant so far as it referred to them.

*Burges & Dibrell* and *J. H. Burts*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is for the theft of cattle, and is based upon a confession made by the defendant, admitted in evidence against him over his objections. With respect to said confession the facts are, substantially, that the defendant and others were under accusation for the theft of said cattle. Defendant's uncle, McDaniel, made repeated proposals to the district attorney that the defendant would testify as a witness in behalf of the State against said other parties accused of said theft, and testify also as to other thefts committed by said parties, upon condition that the defendant would not be prosecuted for said crimes.

In response to these proposals the district attorney had a conference with the defendant in which it was agreed that the defendant would testify in behalf of the State, and would testify to material facts against said parties as to said thefts, such facts as could be corroborated by other testimony, and that in consideration of his so testifying he would be exempted from prosecution for said theft; but that, should he violate said agreement and refuse to so testify, he would be liable to prosecution for said thefts. He thereupon made the confession introduced in evidence against him, and thereafter refused to fulfill his agreement with the district attorney to testify against said parties, and the district attorney caused him to be indicted for the theft to which his confession related. At the time he made said confession he was not in jail or other place of confinement, or in custody of an officer.

Having violated his agreement to testify in behalf of the State, the defendant was not entitled to exemption from prosecution by virtue of said agreement. It is well settled that where a *particeps criminis*, for the purpose of securing exemption from prosecution, agrees to testify in behalf of the State against his accomplices in crime, and violates such agreement by refusing to testify in good faith, fairly and fully to facts within his knowledge, he can not claim the benefit of such agreement and may be prosecuted and convicted regardless thereof. (1 Bish. Crim. Proc., sec. 1164; 1 Greenl. on Ev., sec. 379; Roscoe's Crim. Ev., secs. 132, 133; Whart. Cr. Ev., secs. 443, 656; Holmes v. The State, 20 Texas Ct. App., 517.) And the common law authorities above cited further lay it down that in such case the confession made by the defendant under

such agreement may be used in evidence against him. (See also Com. v. Knapp, 10 Pick., 477, which holds the same doctrine.)

But this court has held, and we think correctly, that even in such case the confession is not admissible, unless it was voluntarily and freely made, uninfluenced by persuasion or compulsion, not induced by any promise creating hope of benefit, or any threats creating fear of punishment. A promise such as will render confession inadmissible must be positive, and made or sanctioned by a person in authority, and must be of such character as would be likely to influence the party to speak untruthfully. And a confession induced by the mere fear of legal punishment is not thereby rendered inadmissible. (Willson's Crim. Stat., sec. 2472.)

In this case, it is evident that the confession was induced by the hope of thereby securing immunity from prosecution and punishment for the theft of which defendant was accused. It was made upon the positive promise of the district attorney that, if the defendant would testify to the matters stated in the confession, he would not be prosecuted. Defendant's subsequent bad faith in refusing to so testify could not *per se* render said confession admissible evidence against him. It was not a voluntary confession within the meaning of the law, and, not being voluntary, was inadmissible upon the ground that he had violated his agreement to testify. (Womack v. The State, 16 Texas Ct. App., 178.)

The learned trial judge did not admit the confession in evidence upon the ground that it was a voluntary confession, such as was admissible under common law rules of evidence, and in this view we think he was correct. He admitted it under article 750 of the Code of Criminal Procedure, upon the ground that statements were therein made of facts and circumstances which were found to be true, which conduced to establish the guilt of the defendant, of the theft; and he instructed the jury that, if the confession had not been so verified, they should disregard it.

We are of the opinion that, although the confession was inadmissible at common law because not voluntary, and although not such a confession as is named in article 750, Code of Criminal Procedure, that is, one made by a person in jail or other place of confinement, or in custody of an officer, yet, if it was verified by other evidence as provided in said article, it would thereby be rendered admissible.

But there is no such verification of the confession in this case. No fact or circumstance was discovered by means of defendant's statement, which conduced to establish his guilt of the theft. The corroborating evidence was as to immaterial matters, not inculpatory of the defendant, and not matters found to be true by means of information afforded by defendant's statements. (Willson's Crim. Stat., sec. 2473.)

Such being the case, we are of the opinion that the court erred in admitting said confession in evidence, and for this error the judgment is reversed and the cause is remanded.

*Reversed and remanded.*